IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ERIK YODER | ) |
| Plaintiff, | ) |
| v. | ) Case No. 8:16-cv-00900 |
| THE O'NEIL GROUP, LLC, et al., | ) |
| Defendants. | ) |

PLAINTIFF'S OPPOSITION TO DEFENDANTS'
MOTION FOR SUMMARY JUDGMENT
(Table of Contents)

I.   Introduction..............................................................................................1

II.  Statement of the Facts.............................................................................3

     A.  Background.......................................................................................3

     B.  Foreclosure Process Generally........................................................5

     C.  Yoder "Blows the Whistle" on Overbilling ....................................6

     D.  Yoder's Termination........................................................................13

     E.  List of Disputed Material Facts......................................................15

III. Argument.................................................................................................16

     A.  Plaintiff Clearly Establishes Elements Of A Retaliation Claim.................16

          1.  The FDCPA Generally Applies To Defendants' Activities.............18

          2.  Yoder Had An Objectively Reasonable
              Belief That Defendants Were Violating The FDCPA....................21

|   |    | i.   | Yoder Is Not Required To Have An Objectively Reasonable Belief As To Each Element Of An FDCPA Violation, Let Alone An Objectively Reasonable Belief As To The Non-Existence Of A Defense...................21 |
|---|----|------|---|
|   |    | ii.  | Yoder Is Not Required To Demonstrate The Materiality Of An FDPCA Violation........................24 |
|   |    | iii. | Yoder Is Not Required To Have An Objectively Reasonable Belief That Defendants Had No Bona Fide Error "Defense." Regardless, Defendants Have No Bona Fide Error Defense................................25 |
|   | B. | Yoder Was Subject To An Adverse Action......................................27 | |
|   | C. | A Reasonable Jury Could Conclude That Defendants' Explanation As To Yoder's Termination Are Pretextual..........................................................29 | |
| III. | Conclusion................................................................................46 | | |