
PLAINTIFF'S EXHIBIT 8

## William O'Neil

**From:** Erik Yoder
**Sent:** Thursday, June 12, 2014 9:19 PM
**To:** William O'Neil
**Subject:** billing invoices

Bill,

While going through invoices for the Windon file to prepare the audit it has come to my attention that MSO has a practice of overbilling costs for title reports. I spent a considerable amount of time this afternoon reviewing all of our active Maryland files as well as our closed files to ensure I wasn't mistaken. Allstar has charged us $150 for 2/3 of our title reports. Recently they increased the cost to $250 after lengthy discussions with myself to switch to a 2 owner history as well as a rubber stamp attorney review for judgments that attach to the subject property. For every file in our system BSI has been invoiced $350.00. Title updates from Allstar title cost us $15 but Sallie has been invoicing the client $175.00. Any debtor's counsel that decides to spend $50 for a forensic life of the loan transaction history audit would immediately flag a $175 title update charge. It is actually absurd. I need to get some feedback from you on this billing practice because it is making me extremely uncomfortable.

My understanding of the ethical rules is that you are not allowed to overbill the client. While I can appreciate that BSI, MCM, and TOG may have an understanding regarding allowable costs this unfortunately does not conveniently fit into the regulatory environment in Maryland or Federal lender oversight regarding it's negative impact on the borrower's total debt. My experience has been a no tolerance policy exists when it comes to inaccurate fees and costs that ultimately accrue to a borrower's deficiency judgment. I think folks here at BSI get caught up in this attitude that these numbers don't mean anything because at some point the numbers are so high its inconceivable a borrower could ever repay the debt. This may be true but Bar Counsel, the OCC, and the CFPB to name a few don't see it that way. When we charge BSI $350.00 for a title report or any vendor cost, it becomes an accounting entry in some way that lives with the borrower for a period of time. This concept seems to be overlooked here and I am positive that is not your intent.

Perhaps this can be circumvented by written agreements from the client that they will never pursue these costs which are inflated and not actual but I highly doubt it. I trust your judgment and am relying on you to address this issue immediately so that I am not putting my license to practice law at risk over nickel and dime revenue.

Lets discuss this tomorrow if at all possible.

Erik

Erik W. Yoder, Esq.
The O'Neil Group, LLC
7500 Old Georgetown Road
Suite 1375
Bethesda, MD 20814
(202) 684-7140
* Licensed in MD & Washington, D.C.


This firm is a debt collector. This is an attempt to collect a debt, and any information obtained will be used for that purpose.


TShanahan DEPOSITION EXHIBIT 10

1

CONFIDENTIAL

TOL006972