

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ERIK YODER | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3-0050-15-022 |
| THE O'NEIL GROUP, LLC, et al., | ) |
| Defendants. | ) |

## DEFENDANT THE O'NEIL GROUP, LLC.'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendant The O'Neil Group, LLC ("Defendant" or "The O'Neil Group"), by and through its undersigned counsel, hereby submits the following objections and responses to Plaintiff's First Set of Interrogatories Addressed to Defendant The O'Neil Group, LLC.

### PRELIMINARY STATEMENT

Discovery is not yet complete in this case, and Defendant's responses are therefore of a preliminary nature. Further discovery, investigation and research may produce additional information that may lead to changes in the responses set forth below. These responses are complete to the best of Defendant's knowledge. However, they are given without prejudice to Defendant's right to supplement these responses as appropriate.

## GENERAL OBJECTIONS

Defendant objects to the Instructions and Interrogatories to the extent they purport to require the disclosure of information otherwise protected by the Attorney-Client Privilege and/or the Work Product Doctrine.

Defendant objects to the Instructions to the extent that they request information that is outside of the scope of Rule 33 of the Federal Rules of Civil Procedure.

Defendant's answers to the Interrogatories in conformity with the Definitions stated therein are not intended to and do not constitute Defendant's acceptance of any alleged facts contained in those Definitions.

## OBJECTIONS AND RESPONSES

The above-stated General Objections are hereby incorporated into each of Defendant's objections to specific Interrogatories, whether or not specifically repeated in objection to a particular Interrogatory. Subject to and without waiving the foregoing General Objections, Defendant responds to each Interrogatory as follows:

**INTERROGATORY NUMBER ONE**: Describe all material facts concerning the Plaintiff's separation from service with any and all of the Defendants, including, but not limited to, all communications by, to, between or among any of the Defendants and any other persons, including, but not limited to, Plaintiff, concerning all reasons for and causes of the Plaintiff's separation and all factors that went into such decision, when Plaintiff's separation was discussed among the Defendants, when and by whom a decision was made relating to Plaintiff's separation and when and what was said to Plaintiff and by whom about the reason(s) for his separation, and identify all persons involved in each such discussion and/or decision and describe each such person's involvement therein.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NUMBER ONE**: The O'Neil Group objects to Interrogatory No. 1 on the ground that it assumes facts not in existence. The O'Neil group further objects to Interrogatory No. 1 to the extent it seeks information protected by the attorney/client and/or work product privileges.

Notwithstanding these objections, consistent with them, and without waiving them, The O'Neil Group responds as follows: William O'Neil informed Plaintiff on June 25, 2014 that he should begin looking for a new job as the amount of work at the firm could no longer support his salary. Mr. O'Neil told Plaintiff that he could use the next month to look for work full time and that he need not come into the office unless necessary and his pay and benefits would continue during that time. Prior to this discussion, Mr. O'Neil and Terry Shanahan discussed the firm's finances, options for cutting costs and the need to reduce payroll, and decided to ask Plaintiff to look for other work.

**INTERROGATORY NUMBER TWO**: Identify all persons who are likely to have personal knowledge of any fact alleged in the Plaintiff's Complaint or in your Answer to the Complaint (and any amendments thereto), and state the subject matter of the personal knowledge possessed by each such person.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NUMBER TWO**: The O'Neil Group objects to Interrogatory No. 2 on the grounds that it is overly broad and seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case to the extent it calls for identification of all individuals with personal knowledge of non-material facts alleged in the Complaint.

Notwithstanding these objections, consistent with them, and without waiving them, The O'Neil Group responds as follows:

1. William O'Neil has personal knowledge of firm finances and discussions with Plaintiff regarding the allegations in the Complaint.

2. Terry Shanahan has personal knowledge of firm finances and discussions with Plaintiff regarding the allegations in the Complaint.

3. Kristin Ferraro has personal knowledge of the MSO invoicing process.

4. Sallie Sewell Shanahan has personal knowledge of foreclosure work generally and firm invoices.

**INTERROGATORY NUMBER THREE**: If you have knowledge of any person carrying on an insurance business that might be liable to satisfy part or all of a judgment that might be entered in this action or to indemnify or reimburse the payments made to satisfy the judgment, identify that person and state the applicable policy limits of any insurance agreement under which the person might be liable.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NUMBER THREE**: None.

**INTERROGATORY NUMBER FOUR**: Identify all persons who supervised the Plaintiff at any time during his employment with Defendants, and describe each such person's duties.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NUMBER FOUR**: The O'Neil Group objects to Interrogatory No. 4 on the ground that it is seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case.

Notwithstanding this objection, consistent with it, and without waiving it, The O'Neil Group responds as follows: Mr. O'Neil, Managing Partner of The O'Neil Group, and Mr. Shanahan, Partner, supervised the Plaintiff during his employment. Mr. O'Neil and Mr. Shanahan oversaw real estate and foreclosure files including review of pleadings, approval of fees and costs, direct settlement negotiations and all other aspects of contract review and

approval, including real estate closings, financing agreements, deeds in lieu of foreclosures, listing agreements and other legal mechanisms for resolving outstanding debt.

**INTERROGATORY NUMBER FIVE**: If you contend that the Plaintiffs claims are barred in whole or in part by his failure to mitigate his damages, state all facts concerning such contention and identify all documents relating thereto.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NUMBER FIVE**: The O'Neil Group will provide a response to Interrogatory No. 5 as responsive information becomes available during discovery.

**INTERROGATORY NUMBER SIX**: Describe in detail the 2 separate occurrences in June of 2014, which you allege in paragraph 31 of your Answer to the Complaint, made the finances of Defendant MSO Legal Partners, LLC ("MSO") untenable and identify all documents relating, referring, concerning, and/or supporting in any way any such allegation.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NUMBER SIX**: The O'Neil Group objects to Interrogatory No. 6 to the extent it seeks the production of confidential third-party information absent an agreed protective order.

Notwithstanding this objection, consistent with it, and without waiving it, The O'Neil Group responds as follows: The two occurrences that made MSO's finances untenable were that the projected number of referrals from BSI over the next several months was projected to remain low and one of MSO's largest clients, Woods Cove, decided to handle its foreclosure work internally.

**INTERROGATORY NUMBER SEVEN**: For each witness you have retained or specially employed to provide expert testimony in this case, or employed by you whose duties regularly

involve giving expert testimony and whom you expect to testify at trial, provide a complete statement of the opinions to be expressed and all bases and reasons therefor.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NUMBER SEVEN**: The O'Neil Group has not yet retained an expert witness.

**INTERROGATORY NUMER EIGHT**: For each statement, conversation, testimony, comment, report or admission against interest or res gestae statement made by the Plaintiff concerning the subject matter of this action or facts relevant to any issue in this case, identify the content of said statement, conversation, testimony, comment, report or admission against interest, the place where it took place, the name, address, and telephone number of each person to whom each statement was made and/or in whose presence it was made.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NUMBER EIGHT**: None, other than any which may be contained in emails between the parties and which The O'Neil Group will provide in response to Plaintiff's Request for Production of Documents.

**INTERROGATORY NUMBER NINE:** For each Interrogatory response filed on your behalf, identify each person who materially participated in preparing the response and identify all documents referred to or relied upon.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NUMBER NINE**: William O'Neil materially participated in preparing responses to Plaintiff's First Set of Interrogatories Addressed to Defendant The O'Neil Group. In preparing the response, Mr. O'Neil consulted his letter response to the Report of Professional Misconduct submitted to the Maryland Attorney Grievance Commission by Plaintiff.

**INTERROGATORY NUMBER TEN**: If you, or any person(s) at your request, ever performed an investigation (either pre-employment or post-employment) concerning the

Plaintiff, describe the reason(s) for the investigation, each of the steps of the investigation, the dates each step was taken, who was interviewed, what document(s) were reviewed, what information was provided, and the results of each such investigation.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NUMBER TEN**: None.

**INTERROGATORY NUMBER ELEVEN**: If you contend that your treatment of the Plaintiff was legitimate, non-discriminatory and/or non-retaliatory, identify the factual basis supporting such a contention.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NUMBER ELEVEN**:

The O'Neil Group objects to Interrogatory No. 11 to the extent it is duplicative of Interrogatory No. 1.

Notwithstanding this objection, consistent with it, and without waiving it, The O'Neil Group responds as follows: After discussing the firm's finances, options for cutting costs and the need to reduce payroll, Mr. O'Neil and Mr. Shanahan decided to ask Plaintiff to look for other work because the firm could no longer support his salary.

**INTERROGATORY NUMBER TWELVE**: Please identify any and all persons who were involved in making tangible employment decisions concerning the Plaintiff, stating whether or not there exists any written or recorded documents of any sort with reference to any and/or all such tangible employment decisions and describe what each tangible employment decision was concerning the Plaintiff.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NUMBER TWELVE**:

The O'Neil Group objects to Interrogatory No. 12 on the grounds that it is vague and ambiguous as to "recorded documents of any sort."

Notwithstanding these objections, consistent with them, and without waiving them, The

7

O'Neil Group responds as follows: Mr. O'Neil and Mr. Shanahan made tangible employment decisions concerning Plaintiff. The terms and conditions of Plaintiff's employment were memorialized in his written offer of employment, which The O'Neil Group will provide in response to Plaintiff's Request for Production of Documents.

**INTERROGATORY NUMBER THIRTEEN**: If you participated in any review of the qualifications or ability of the Plaintiff to perform the functions of a foreclosure attorney at any time during the Plaintiffs employment, please set forth the date that the review was conducted, identify each person who participated in the review, identify any and all documents reviewed or consulted concerning such review and the results of the review.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NUMBER THIRTEEN**: None.

**INTERROGATORY NUMBER FOURTEEN**: State the terms and value of all fringe benefits, including, but not limited to, health insurance, retirement benefits, leave benefits, etc., that the Plaintiff was receiving at the time of his separation from service with Defendants, based on a monthly or yearly calculation.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NUMBER FOURTEEN**: At the time of his separation, Plaintiff received the equivalent of $ 363.00 per month in health insurance premiums; $13.90 per month in life and disability premiums; $150.00 per month in transit costs; bar dues of approximately $448.00 per year; 20 days vacation per year and 10 days in sick leave or personal days consistent with the terms of his employment offer.

**INTERROGATORY NUMBER FIFTEEN**: Please identify what steps, processes, procedures and practices you took to determine the veracity of what Plaintiff informed you, either orally or in a document, at the time he applied for a job through his period of employment with Defendants.

**OBJECTION AND RESPONSE TO INTERROGATORY NUMBER FIFTEEN**: The O'Neil Group objects to Interrogatory No. 15 on the grounds that it is overly broad as to scope, unduly burdensome, and seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case. The O'Neil Group further objects to Interrogatory No. 15 on the grounds that it is vague and ambiguous.

**INTERROGATORY NUMBER SIXTEEN**: Describe all communications you had with your major hedge fund client (the "Hedge Fund Client"), or any of its officers, executives, managers, employees, agents or representatives, concerning its or your policies, practices and/or procedures for charging and/or paying for costs incurred in connection with mortgage foreclosure work performed by Defendants for the Hedge Fund Client in Maryland, including, but not limited to, charges/payments for title search reports, and any changes made in those policies, practices and/or procedures and the reason(s) for such changes, and as to each such communication, identify each person participating therein and the substance of what such person communicated.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NUMBER SIXTEEN**: The O'Neil Group objects to Interrogatory No. 16 on the ground that it assumes facts not in existence. The O'Neil Group further objects to Interrogatory No. 16 on the grounds that it seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case.

Notwithstanding these objections, consistent with them, and without waiving them, The O'Neil Group responds as follows: None. The O'Neil Group's client was the mortgage servicer, who expected costs to be billed as incurred. When The O'Neil Group discovered costs had not been billed as incurred, it refunded the appropriate amounts.

**INTERROGATORY NUMBER SEVENTEEN**: Identify each person who performed title

search reports in connection with mortgage foreclosure work performed by Defendants for the Hedge Fund Client in Maryland and between January 1, 2013 and present, state the amount charged Defendants for such title inspection reports and the amount Defendants charged the Hedge Fund Client for such reports and whether, when and by whom changes were made in such charges.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NUMBER SEVENTEEN**: The O'Neil Group objects to Interrogatory No. 17 on the ground that it assumes facts not in existence. The O'Neil Group further objects to Interrogatory No. 17 on the ground that it contains distinct subparts, which should be counted as separate interrogatories.

Notwithstanding these objections, consistent with them, and without waiving them, The O'Neil Group responds as follows: All Star Title, Inc. performed title reports during the relevant period and charged The O'Neil Group between $15.00 and $400.00 for each title report. The O'Neil Group billed the mortgage servicer between $15.00 and $350.00 for each title report. When The O'Neil Group discovered costs had not been billed through to the mortgage servicer as incurred, it refunded the appropriate amounts.

**INTERROGATORY NUMBER EIGHTEEN**: Identify all attorneys whom you have hired to perform work from January 1, 2013 to the present, describing their dates of employment and work duties.

**OBJECTIONS AND RESPONSE TO INTERROGATORY NUMBER EIGHTEEN**: The O'Neil Group objects to Interrogatory No. 18 on the ground that ground that it is overly broad and seeks information that is neither relevant to any party's claim or defense nor proportional to the needs of the case.

Notwithstanding this objection, consistent with it, and without waiving it, The O'Neil

Group responds as follows:

1. Amanda Joiner has worked for The O'Neil Group from July 6, 2015 to the present. Ms. Joiner handles bankruptcy, foreclosure, and litigation matters.

2. Kyle Blackstone worked for The O'Neil Group from June 4, 2014 to November 16, 2015. Mr. Blackstone handled real estate transactions and foreclosure matters.

3. Nida Hasan worked for The O'Neil Group from February 10, 2014 to September 30, 2015. Ms. Hasan worked part-time and handled bankruptcy matters.

4. Plaintiff Erik Yoder worked for The O'Neil Group from September 20, 2013 to June 30, 2014.

5. Ben Sislen worked for The O'Neil Group from September 1, 2012 to June 4, 2014 and handled real estate transactions.

DATED: July 28, 2016

*/s/ Daniel E. Farrington*

Daniel E. Farrington (#25755)
Sherron Thomas McClain (#18501)
The Farrington Law Firm, LLC
7501 Wisconsin Avenue, Suite 1220W
Bethesda, MD 20814
Tel. (301) 951-1538
Fax (301) 880-5031

COUNSEL FOR DEFENDANTS
The O'Neil Group LLC, MSO Legal
Partners, LLC and William O'Neil

## **VERIFICATION**

I solemnly affirm under the penalties of perjury that the foregoing responses are true to the best of my knowledge, information and belief.

_____
                                                                 William O'Neil

## CERTIFICATE OF SERVICE

I hereby certify that on this 28th day of July, 2016, a true and correct copy of the foregoing Defendants The O'Neil Group, LLC's Objections and Responses to Plaintiff's First Interrogatories was served by electronic mail and Federal Express upon the following individuals:

>Howard B. Hoffinan, Esq.
>Federal Bar No. 25963
>600 Jefferson Plaza, Ste. 304
>Rockville, Maryland 20852
>
>*Attorney for Plaintiff*
>
>*/s/ Sherron Thomas McClain*
>_____
>Sherron Thomas McClain