**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| Erik Yoder | * | |
| **Plaintiff** | * | |
| v. | * | **Case No.: 8:16-cv-00900-DKC** |
| William O'Neil, et al. | * | **TRIAL DATE: April 24, 2018** |
| **Defendants** | * | |

\* \* \* \* \* \* \* \* \*

## PLAINTIFF'S SECOND MOTIONS IN LIMINE

Plaintiff, Erik Yoder ("Plaintiff" or "Yoder"), through the undersigned counsel, submits an additional three motions in limine to exclude testimony, evidence and/or argument by Defendants relating to (1) Defendants' proposed exhibit no. 39 (Statement of Debt Outstanding Balance); (2) Defendants' current status and inability to pay a judgment; and (3) any reference to Plaintiff's claims for attorney fees and costs in this case.

Plaintiff will address these motions *in seriatim.*

**IV.    Fourth Motion in Limine:  Exclude Proposed Defense Exhibit No. 39 (referred to as "Statement of Debt Outstanding Balance"; alleged percentage of overbilling to unpaid mortgage balance).**

Defendants have proposed the introduction of an Exhibit (attached hereto as Exhibit # 1 but referred to within the proposed Pretrial Order as Defendants' Exhibit 39).  Defendants parenthetically refer to this Exhibit as "Statement of Debt Outstanding Balance."

This Exhibit purports to be a summary of each borrower who suffered an overbilled amount, together with an amount referred to as an "unpaid principal balance," an amount referred to as "total due on SOD," an amount referred to as "outstanding balance less principal," and a column referred to as "percent error."  (Exh. 1).

This exhibit was not produced during the course of discovery. Defendants have, off-hand, claimed that this exhibit demonstrates the percentage amount of overbilling for each loan amount to the outstanding mortgage. They claim that this information was readily available from "public records." This document was sent via FedEx on February 26, 2018.

Plaintiff objects to the introduction of this Exhibit on the grounds that it is inadmissible hearsay. The public record exception does not apply to this summary and no other exception applies.

Furthermore, Plaintiff also objects to the introduction of this evidence on the ground that it is irrelevant to any issues in this case. Plaintiff incorporates within this argument his supplemental Memorandum concerning jury instructions. (ECF Doc. 59). Plaintiff objects to any instruction that Plaintiff was required to have an objective reasonable belief that Defendants materially violated the FDCPA, for reasons stated and explained in ECF Doc. 59.

Finally, Plaintiff objects that this Exhibit was not produced during the course of discovery. Plaintiff has not had an opportunity to explore the underlying documents and facts that form the basis of summary. There is no reason why the Defendants could not have produced this document. Rather, the Defendants refused to produce documents that provide the source of the information for this chart, insisting that discovery as to these very issues was not relevant to any claim or defense nor proportional to the needs of the case. (Exh. 2; (Response to Request for Production of Documents, Answer # 14). Defendants turned over invoices during the course of discovery and are seeking to surprise the Plaintiff with this summary chart now. Defendants' bad faith is evidenced by the fact that not only did they deny the Plaintiff discovery during the course of discovery, but they failed to seasonably amend their response even after Defendants filed for Summary Judgment on the basis of materiality, and even after this Court's Summary

Judgment ruling. Plaintiff should not be forced to go to Trial and have this chart introduced into evidence, when not even the borrower's full name and case number is listed.

In Southern States Rack and Fixture, Inc. v. Sherwin-Williams Co., et al., 318 F.3d. 592, 597 (4th Cir. 2003), the Fourth Circuit set forth five factors as to whether evidence should be excluded: (1) the surprise to the other party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence. Id. A party's "bad faith" is not a separate factor in a court's exclusion analysis. Id. at 598. Rather, it might be relevant to the fifth factor – the nondisclosing party's explanation for its failure to disclose the evidence. Id.

Applying these factors to this Exhibit, and in light of the history of this case, the Plaintiff would certainly be surprised by this evidence and has no meaningful ability to respond to this chart – by reviewing the source documents for this chart and deposing the maker of this chart. As it is written, Plaintiff cannot even meaningfully understand the document, check the math, or even know who to call to testify as to the Exhibit's preparation. While the Plaintiff submits that the jury should not be instructed on the materiality of any FDCPA violation, if the Court does so instruct the jury, then this evidence could be important to the jury. Finally, the Defendants do not have any explanation, at least any good explanation, why they did not produce the source documents and this chart during the course of discovery, prior to depositions and summary judgment.

Plaintiff requests that Defendants' proffered Exhibit No. 39 be excluded from Trial.

**V. Fifth Motion in Limine: Exclude Reference To Defendants' Current Financial Status And Inability To Pay Judgment.**

Defendants can certainly maintain that projections of workflow in June of 2014 led to the cessation of Plaintiff's employment. But any financial information of the Defendants *beyond* the year 2014 should not be admitted and would be improper.

What is relevant is the amount of foreclosure work being performed by the Defendants prior to Plaintiff's termination in June of 2014 and Defendants' *perception* of foreclosure work in the immediate future. There is no evidence in this case that the Defendants were told that they would no longer receive any foreclosure referral work by "such-and-such" a date. The Defendants' current financial status has nothing to do with their perception in June of 2014, and is simply irrelevant and has nothing to do with the issues in this case.

Accordingly, evidence of Defendants' current financial status, could be presented as an inability to pay any judgment, which would be unduly prejudicial. Fed. R. Ev. 403(b); see generally Westfield Ins. Co. v. Harris, 134 F.3d 608, 615 (4th Cir 1998). All of the conceivable reasons for which Defendants might introduce *current* financial status, i.e., to evoke sympathy from the jury or to convince the jury to lower its damages award to a number the Defendants can pay are improper. Therefore, the evidence should therefore be excluded under Rule 403. See U.S. v. Queen, 132 F.3d 991, 994 (4th Cir. 1997) ("prejudice" in Rule 403 refers to evidence that has an "undue tendency to suggest decision on an improper basis") (quoting Fed. R. Evid. 403 advisory committee's note and citing United States v. Powers, 59 F.3d 1460, 1467 (4th Cir.1995)). Evidence that the Defendants cannot afford to pay damages would create a "genuine risk that the emotions of a jury will be excited to irrational behavior, and this risk is disproportionate to the probative value." United States v. Wells, 163 F.3d 889, 896 (4th Cir.1998) (quoting United States v. Bailey, 990 F.2d 119, 123 (4th Cir.1993)).

**VI.   Sixth Motion in Limine:   Exclude Reference To Plaintiff's Claim For Statutory Attorneys' Fees and Costs.**

Plaintiff seeks to exclude all testimony and argument by Defendants and other witnesses regarding the statutory attorneys' fees and costs claimed by Plaintiff's counsel as part of this case.  The defendants should make no reference to this claim, in an attempt to unfairly disparage Plaintiff's counsel or otherwise, as this issue is for the Court to decide and any reference would only confuse the jury.  See Gordilis et al. v. Ocean Drive Limousines, Inc., et al., 2014 WL 4954141, *1 (S.D. Fla. Oct. 2, 2014) (granting Motion in Limine in FLSA case prohibiting reference at Trial to attorneys' fees and costs, and making clear "[t]he parties must not refer to attorneys' fees and costs before the jury" (citing Dingman v. Cart Shield USA, LLC, 2013 WL 3353835 (S.D. Fla. July 3, 2013) (ordering defendants in an FLSA case not to refer to attorneys' fees and costs at Trial)); Oyarzo v. Tuolumne Fire Dist., 2013 WL 5718882, *9 (E.D. Cal. Oct. 18, 2013) ("Whether the prevailing party is entitled to an award of attorney fees or expenses following the jury's verdict in this action is irrelevant to the claims proceeding here.").

**IV.   Conclusion**

For all of the foregoing reasons, Plaintiff respectfully submits that this Court should grant Plaintiff's motions in limine.

Respectfully submitted,

_____/s/_____
Howard B. Hoffman, Esq.
Federal Bar No. 25963
600 Jefferson Plaza, Ste. 304
Rockville, Maryland 20852
(301) 251-3752
hhoffman@hoholaw.com

*Counsel for Plaintiff, Erik Yoder*

## CERTIFICATE OF SERVICE

I hereby certify that on this 25th day of March, 2018, a copy of the foregoing Plaintiffs'

Second Motions in Limine was filed via the Electronic Case Filing System (ECF) maintained by

the U.S. District Court for the District of Maryland, and is available for viewing and

downloading from the ECF system.

_____/s/_____
Howard B. Hoffman, Esq.
